IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN CLAYTON THOMASON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:21-cv-650-ECM-SMD |
| ) | |
| DEUTSCHE BANK NATIONAL TRUST ) | |
| CO., AS TRUSTEE FOR HOME EQUITY ) | |
| MORTGAGE LOAN ASSET-BACKED ) | |
| TRUST SERIES INABA 2006-A, HOME ) | |
| EQUITY MORTGAGE LOAN ) | |
| ASSET-BACKED CERTIFICATES ) | |
| SERIES INABS2006-A8, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case arises from a foreclosure of property located in Montgomery, Alabama. Compl. (Doc. 1-1). Defendant Deutsche Bank National Trust Company ("Deutsche Bank") removed the case to this Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. Not. of Removal (Doc. 1). Before the Court are pro se Plaintiff Steven Clayton Thomason's ("Thomason") Motions to Remand (Docs. 7, 9). For the following reasons, the undersigned recommends that Thomason's Motions to Remand (Docs. 7, 9) be denied.

**I.  BACKGROUND & PROCEDURAL HISTORY**

In 2005, Thomason and his wife mortgaged property located at 901 Seibles Road Montgomery, Alabama ("the property"), as security for a loan. Compl. (Doc. 1-1) p. 3. The mortgage was transferred multiple times between 2005 and 2011, and ultimately came to be held by Deutsche Bank. *Id.* In 2011, Deutsche Bank notified Thomason that it had

accelerated the unpaid balance of the loan and that it was seeking to foreclose on the property. *Id.* at 4. After multiple delays spanning several years, Deutsche Bank informed Thomason that the foreclosure was scheduled for August 18, 2021. *Id.* at 5. In August 2021, Thomason filed his complaint in Montgomery County Circuit Court in Montgomery, Alabama, seeking (1) injunctive relief to prevent foreclosure on the property and (2) compensatory damages not exceeding $75,000. Compl. (Doc. 1-1) pp. 1-12.

In September 2021, Deutsche Bank removed the case to this Court, asserting that both the amount in controversy and complete diversity requirements of 28 U.S.C. § 1332 were satisfied, and that the Court has subject-matter jurisdiction over the case. Not. of Removal (Doc. 1). pp. 2-7 The undersigned then entered an order finding that Deutsche Bank's Notice of Removal was deficient under Eleventh Circuit precedent because it merely stated that Thomason was a natural citizen of Alabama and cited to the Complaint without providing any actual evidence that Thomason is a citizen of Alabama. Order (Doc. 16) pp. 2-4; *see also Roberts v. Walton Enter.*, 2:20-cv-466-WKW-SMD, Eleventh Circuit Opinion (Doc. 41). The undersigned further ordered the parties to file any additional evidence they had concerning diversity jurisdiction. *Id.* at 4.

Deutsche Bank then filed an Amended Notice of Removal (Doc. 17) and a Motion for Jurisdictional Discovery (Doc. 18). In its Amended Notice, Deutsche Bank asserted that Thomason was an Alabama citizen because "[h]is intent to remain [on the property] is evidenced by his claims seeking to maintain ownership of and residence at the property." Am. Not. of Removal (Doc. 17) pp. 2-3. It again pointed to allegations in the complaint to establish Thomason's Alabama citizenship. *Id.* at 3. The undersigned concluded that

2

Deutsche Bank did not have sufficient evidence to meet its burden of establishing diversity jurisdiction; therefore, the undersigned granted its Motion for Jurisdictional Discovery. Order (Doc. 19) pp. 3-4.

Thomason did not initially respond to Deutsche Bank's jurisdictional discovery. Therefore, Deutsche Bank filed a Motion to Compel (Doc. 24) Thomason's responses. The undersigned ordered Thomason to show cause why Deutsche Bank's Motion to Compel should not be granted, Order (Doc. 25), and Thomason failed to file a response within the required timeframe. Thus, the undersigned entered an Order granting Deutsche Bank's Motion to Compel and warned Thomason that "[f]ailure to answer or respond to jurisdictional discovery will result in the Court assuming that he is answering in the affirmative to all interrogatories and requests for admission[,]" and that "if he again fails to comply with Court orders by not responding to jurisdictional discovery, there is a possibility that he will be subject to sanctions pursuant to Federal Rule of Civil Procedure 37 and the Court's inherent power to sanction." Order (Doc. 26) p. 5.

Thomason then filed a document (Doc. 27) styled "Plaintiff Responds to Diversity Order and Gives Notice to Amend Complaint by Adding Attorney's By Name,"[1] wherein

---

[1] The undersigned liberally construes Thomason's filing as a motion to amend his complaint. Because the issue of whether this Court has subject-matter jurisdiction is still pending, and given the fact that, if this Court does not have subject-matter jurisdiction, his current Complaint may still be operative in Montgomery County Circuit Court, the undersigned concludes that Thomason's Motion to Amend, as construed, should be denied with leave to refile after it is determined that this Court has subject-matter jurisdiction over his claims.

The undersigned also construes this filing as Thomason's responses to jurisdictional discovery. Notably, even if this filing were not construed as a response to the jurisdictional discovery, because the undersigned's previous order stated that the Court would assume that if he did not respond he was answering all interrogatories and requests for admission in the affirmative, there is sufficient evidence to establish his citizenship.

3

he answers several of the interrogatories and requests for admission proposed by Deutsche Bank. *Id.* at 1. Based on this filing, Deutsche Bank filed its Second Amended Notice of Removal (Doc. 28), which is under the Court's review.

## II.  LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). When removal is based on diversity jurisdiction, the defendant "bears the burden of establishing the jurisdictional amount [in controversy] by a preponderance of the evidence." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). Likewise, the removing party also bears the burden of establishing the citizenship of the parties. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); *see also Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975)[2] ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof."). "A defendant . . . desiring to remove any civil action from a State court shall file . . . a notice of removal . . . containing a short and plain statement of the grounds for removal[.]" 28 U.S.C. § 1446(a).

---

[2] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Generally, after a case has been removed to a federal court, a plaintiff may file a motion to remand the case to state court. *See* 28 U.S.C. § 1447. When considering a motion to remand, a court must examine whether it should exercise jurisdiction over the case. *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999). "[Twenty-Eight U.S.C.] § 1447(c) implicitly recognizes two bases upon which a district court may . . . order a remand: when there is (1) a lack of subject-matter jurisdiction or (2) a defect other than a lack of subject-matter jurisdiction." *Id.*; *see also Williams v. Wal-Mart Stores, Inc.*, 534 F. Supp. 2d 1239, 1241 (M.D. Ala. 2008) ("After removal, a party may move to remand to state court on the basis of any defect in the removal, including lack of subject matter jurisdiction."). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Amer. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

**III.   ANALYSIS**

Thomason argues that this case should be remanded because (1) the *Rooker-Feldman* doctrine deprives this Court of subject-matter jurisdiction and (2) the amount in controversy requirement under § 1332 is not met. (Docs. 7, 9). As explained below, the undersigned finds that the *Rooker-Feldman* doctrine does not deprive this court of subject-matter jurisdiction over Thomason's complaint. Further, the undersigned finds that Deutsche Bank has met its burden to show that the parties are diverse, and that the amount in controversy satisfies the statutory requirement. As such, the undersigned recommends that Thomason's Motions to Remand (Docs. 7, 9) be denied, and that the Court exercise jurisdiction over this case.

### A. *Rooker-Feldman* Doctrine

Thomason asserts that the *Rooker-Feldman* doctrine deprives this Court of subject-matter jurisdiction over his complaint. *See* Mot. to Remand (Doc. 7) pp. 14-17. The *Rooker-Feldman* doctrine applies to cases brought by state-court losers "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In other words, this doctrine precludes federal district courts "from exercising appellate jurisdiction over final state-court judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) (citing *Lance v. Dennis*, 546 U.S. 459, 463 (2006)).

The *Rooker-Feldman* doctrine does not deprive the Court of subject-matter jurisdiction because there was no final judgment in the state court. Thomason filed the case in state court and Deutsche Bank timely removed. *See* Not. of Removal (Doc. 1). *Rooker-Feldman* does not apply to cases that are removed to federal court because removal is merely a continuation of the original proceedings, not an appeal of a final state court judgment. *Motley v. Option One Mortg. Corp.*, 620 F. Supp. 2d 1297, 1302 (M.D. Ala. 2009); *see also Freeman v. Bee Mach. Co.*, 319 U.S. 448, 452 (1943) (explaining that jurisdiction exercised on removal is original, not appellate). As such, the *Rooker-Feldman* doctrine does not warrant remand of this case.

### B. Diversity Jurisdiction under 28 U.S.C. § 1332

A district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[,]" and

6

is between citizens of different states. 28 U.S.C. § 1332(a). Thomason argues that, because he is seeking less than the $75,000 in damages, the amount in controversy requirement set out in § 1332 is not satisfied, therefore depriving the Court of subject-matter jurisdiction. Mot. (Doc. 7) pp. 17-19. Although he does not raise the issue of whether the parties are diverse, this Court must nonetheless *sua sponte* consider whether diversity exists. *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020). Here, the jurisdictional requirements under 28 U.S.C. § 1332 are met.

      i.    **The diversity requirement is met.**

First, there is diversity of citizenship between the parties. To establish subject-matter jurisdiction under § 1332, there must be complete diversity among the parties; i.e., no party on one side of the suit can be a citizen of the same state as any party on the other side. *Owens v. Life Ins. Co. of Ga.*, 289 F. Supp. 2d 1319, 1323 (M.D. Ala. 2003) (citing *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). Citizenship is determined by a party's domicile. *Audi Performance & Racing, LLC v. Kasberger*, 273 F. Supp. 2d 1220, 1226 (M.D. Ala. 2003) (citing *Jagiella v. Jagiella*, 647 F.2d 561, 563 (5th Cir. 1981)). A person's domicile is the place of his true, fixed, and permanent home, where he intends to remain indefinitely. *Id.* (quotation and citations omitted). To determine whether complete diversity exists, the Court looks to the citizenship of the parties at the time of removal. *Id.* at 1225 (citations omitted).

Deutsche Bank, whose main office is in California, *see* Ex. 1 (Doc. 17-1) p. 2, is deemed a California citizen. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006) (holding that a national bank is a citizen of the state in which its main office is located, as

designated by its articles of association). Thomason, based on his responses to the proposed jurisdictional discovery, is an Alabama citizen.[3] As such, the complete diversity requirement is satisfied.

### ii. The amount in controversy requirement is met.

Second, the amount in controversy exceeds $75,000. When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from that plaintiff's perspective. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). "The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition[.]" *Id.* (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)). In the removal context, the jurisdictional facts must be judged at the time of the removal. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

In his first Motion to Remand (Doc. 7), Thomason asserts that, because the monetary relief sought in his complaint is less than $75,000, the amount in controversy requirement is not met. Mot. to Remand (Doc. 7) p. 17. In a diversity case, the amount in controversy requirement will be deemed met unless it "appears to a legal certainty that [a] plaintiff's claim is actually for less than the jurisdictional amount." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994) (internal quotation omitted) (citing *St. Paul's*

---

[3] In his responses, Thomason confirms that (1) Alabama is his home state; (2) he lives at 901 Seibles Road Montgomery, Alabama; and (3) he intends to remain at his home in Montgomery, Alabama. (Doc. 27) p. 1.

*Indem. Corp. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). While Thomason seeks no more than $75,000 in damages, he is also asking for a permanent injunction to prevent the foreclosure sale of his property. Where injunctive relief is sought, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Edge v. Blockbuster Video, Inc.*, 10 F. Supp. 2d 1248, 1251 (N.D. Ala. 1997) (citing *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). Moreover, the value of the object is measured from the plaintiff's point of view. *Blake v. Bank of Am., N.A.*, 2011 WL 2650849, at *3 (M.D. Ala. July 6, 2011) (citing *Ericcson GE Mobile Commc'ns Inc. v. Motorola Commnc'ns & Elecs., Inc.*, 120 F.3d 216 (11th Cir. 1997)); *see also Cohen v. Off. Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) (explaining that "the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted"). Because Thomason is seeking injunctive relief to bar a foreclosure and retain title to the property, the amount in controversy is the value of the property from Thomason's perspective. *See Mapp v. Deutsche Bank Nat'l Tr. Co.*, 2009 WL 3664118, at *2 (M.D. Ala. Oct. 28, 2009) (citing *Ericcson*, 120 F.3d at 219-20) (explaining that the relevant value to consider when ascertaining the amount in controversy when plaintiff seeks injunctive relief is the value of the right he is seeking to enforce).

If the permanent injunction is granted, Thomason will receive a benefit equaling the entire value of the property. In its Notice of Removal (Doc. 1), Deutsche Bank includes a document from Montgomery County appraising the value of the property at $123,900. Ex. A (Doc. 1-2) p. 1. Without considering Thomason's request for damages, the value of the property itself satisfies the amount in controversy requirement under § 1332. *See James v.*

9

*U.S. Bank Nat'l Ass'n*, 2009 WL 2170045, at *2 (M.D. Ala. July 17, 2009) (citing *Waller v. Pro. Ins. Corp.*, 296 F.2d 545, 547 (5th Cir. 1961)) ("[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."); *see also Mapp*, 2009 WL 3664118 at *1 (holding that, because the plaintiff was seeking to prevent the foreclosure sale of his home, he was seeking to protect the entire bundle of rights associated with the ownership of his home, and thus the amount in controversy should be determined by the value of the home itself). Therefore, because Deutsche Bank has shown that the amount in controversy exceeds $75,000, it has carried its burden under § 1332. As such, both jurisdictional requirements under § 1332 are satisfied, and the undersigned recommends that Plaintiff's Motions to Remand (Docs. 7, 9) be denied.

## IV.   CONCLUSION

Accordingly, it is the

RECOMMENDATION of the undersigned that Thomason's Motions to Remand (Docs. 7, 9) be DENIED, and that this Court should exercise subject-matter jurisdiction over the case. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before June 29, 2022. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of

legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc). Additionally, it is

ORDERED that Thomason's Motion for Leave to Amend (Doc. 27), as construed, is DENIED with leave to refile after the determination of whether this Court has subject-matter jurisdiction. Finally, it is

ORDERED that, should this Recommendation be adopted, Thomason shall file a written response and show cause, if any there be, why Deutsche Bank's Motion to Dismiss (Doc. 5) should not be granted. Such response shall be filed within one week of the adoption of this Recommendation.

DONE this 15th day of June, 2022.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE