IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN CLAYTON THOMASON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:21-cv-650-ECM |
| ) | (WO) |
| DEUTSCHE BANK NATIONALTRUST ) | |
| CO., AS TRUSTEE FOR HOME EQUITY ) | |
| MORTGAGE LOAN ASSET-BACKED ) | |
| TRUST SERIES INABA 2006-A, HOME ) | |
| EQUITY MORTGAGE LOAN ) | |
| ASSET-BACKED CERTIFICATES ) | |
| SERIES INABS2006-A8, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Report and Recommendation of the Magistrate Judge which recommends exercising subject-matter jurisdiction over this case and denying the Plaintiff's motions to remand. (Doc. 29). On June 24, 2022, the Plaintiff filed obecjtions to the Recommendation. (Doc. 31).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific to warrant *de novo* review. *See Stokes v. Singletary,* 952 F.2d 1567,

1576 (11th Cir. 1992) ("[w]henever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue") (quoting *LoConte v. Dugger,* 847 F.2d 745, 750 (11th Cir. 1988)).

## DISCUSSION

The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections. The Plaintiff's Objections largely reiterate the claims made in the complaint and the Plaintiff makes conclusory assertions that the Court lacks jurisdiction to hear this matter. The Plaintiff's general objections do not merit *de novo* review; his general objections are reviewed for clear error. The Plaintiff makes conclusory assertions that he is entitled to relief against the Defendants and offers a recitation of his claims, but he does not point to any legal error committed by the Magistrate Judge. His general objections are due to be overruled.

However, the Plaintiff makes one objection that is sufficiently specific to warrant *de novo* review. The Plaintiff argues that the Court lacks subject matter jurisdiction over this matter because the parties are not diverse. Deutsche Bank removed this case on the basis of diversity jurisdiction. "Generally, jurisdiction is determined at the time the suit is filed." *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1180 (5th Cir. 1987). The Plaintiff does not object to the Court's findings that he is a citizen of Alabama, and Deutsche Bank is deemed a citizen of California. At the time of removal, the parties were completely diverse.

According to the Plaintiff, however, "the bank entities" are citizens of Alabama and their inclusion in this litigation defeats diversity jurisdiction.[1] In his complaint, the Plaintiff only names Deutsche Bank National Trust Company as a defendant. The entities about whom the Plaintiff complains are not named defendants, and the Plaintiff's motion for leave to amend the complaint was denied. Because the parties are completely diverse, the Plaintiff's objection on this basis is due to be overruled.

## CONCLUSION

For the reasons as stated, the Plaintiff's objections are due to be overruled. Accordingly, it is

ORDERED as follows:

1. The Plaintiff's objections (doc. 31) are OVERRULED.

2. The Recommendation of the Magistrate Judge (doc. 29) is ADOPTED.

3. The Plaintiff's motions to remand (docs. 7 and 9) are DENIED.

4. This case is referred back to the Magistrate Judge for further proceedings.

Done this 11th day of July, 2022.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] To the extent that the Plaintiff relies on *Ullah v. BAC Home Loans Servicing LP*, 538 F. App'x 844 (11th Cir. 2013), to assert a claim of fraud against these defendants, his reliance is misplaced. In *Ullah*, the plaintiffs asserted fraud claims against non-diverse defendants. In this case, the Plaintiff neither alleges any fraud claims, nor does he name any non-diverse individuals as defendants.