## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **STEVEN CLAYTON THOMASON,** | ) ) ) | |
| **Plaintiff,** | ) ) | **2:21-cv-00650-ECM-SMD** |
| **v.** | ) ) | |
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR HOME EQUITY MORTGAGE LOAN ASSET-BACKED TRUST SERIES INABS 2006-A, HOME EQUITY MORTGAGE LOAN ASSET-BACKED CERTIFICATES SERIES INABS 2006-A,** | ) ) ) ) ) ) ) ) ) ) | |
| **Defendant.** | ) | |

## TRUSTEE'S MOTION TO ENJOIN STATE COURT PROCEEDINGS

Deutsche Bank National Trust Company, As Trustee For Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2006-A, Home Equity Mortgage Loan Asset-Backed Certificates Series INABS 2006-A (the "Trustee") moves to enjoin Steven Clayton Thomason ("Thomason") from proceeding in the removed state court action. In support of this motion, the Trustee states as follows:

1.      Although the Trustee does not oppose Thomason's voluntary dismissal, it does oppose Thomason using the dismissal to revive the removed state court action. Thomason's basis for voluntarily dismissing this action is that he filed an

amended complaint—the one this Court did not allow him to file—in the state court action (CV-2021-000589) that was removed to this Court and constitutes the instant matter.

2.      Not only does Thomason's amended complaint run afoul of this Court's order denying his amendment, it also violates §1446, which provides that "the State court shall proceed no further **unless and until the case is remanded**." 28 U.S.C. § 1446(d) (emphasis added).

3.      The state court lost jurisdiction once the Trustee removed it to this Court. Roman Catholic Archdiocese of San Juan v. Feliciano, 140 S. Ct. 696, 700 (2020) (quoting Kern v. Huidekoper, 103 U. S. 485, 493 (1881)); Maseda v. Honda Motor Co., Ltd., 861 F.2d 1248, 1254 (11th Cir. 1988) ("after removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case.").

4.      In instances like this, this Court is authorized to enjoin[1] the state court proceedings. E.g., Maseda, 861 F.2d at 1255 (11th Cir. 1988) ("Several court decisions also have recognized the power of federal courts to enjoin state courts from proceeding in a removed case."); Faye v. High's of Balt., 541 F. Supp. 2d 752, 759

---

[1] This Court's inherent authority to enjoin Thomason and the state court is from the All Writs Act, which states that a federal court "may issue all writs necessary or appropriate in aid of their respective  jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651.

(D. Md. 2008) (collecting cases); <u>Vigil v. Mora Indep. Sch.</u>, 841 F. Supp. 2d 1238, 1241 (D.N.M. 2012) ("According to § 1446(d), the All Writs Act, and the Anti-Injunction Act, this Court has express Congressional authorization to enjoin such state court proceedings in order to aid in its jurisdiction."); <u>see</u> <u>Erkins v. Am. Bankers Ins. Co.</u>, 866 F. Supp. 1373, 1375 (N.D. Ala. 1994) ("[S]hould the parties or the state court attempt to proceed further in that court while the plaintiffs' motion to remand is pending in this court, there is no question whatsoever that this court would be empowered and authorized to enjoin those efforts.").

5.     The Trustee requests that this Court enjoin Thomason from proceeding in the removed state court action to stop Thomason's "attempt to subvert the purposes of the removal statute[.]" <u>Frith v. Blazon-Flexible Flyer, Inc.</u>, 512 F.2d 899, 901 (5th Cir. 1975). Although Thomason voluntarily dismissed this action, this Court retains its inherent authority to enjoin Thomason from proceeding in the state court action that the Trustee removed. <u>See</u> <u>Absolute Activist Value Master Fund Ltd. v. Devine</u>, 998 F.3d 1258, 1269 (11th Cir. 2021), <u>cert. denied</u>, 142 S. Ct. 1413, 212 L. Ed. 2d 402 (2022). <u>See generally</u> <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 398 (1990).

6.     Because this case was removed, this Court has exclusive jurisdiction over this action, and Thomason may not proceed in state court because this case was never remanded. Thomason chose to dismiss this action. This Court should not allow

him to dismiss this action just to revive the removed state court action. This action should remain dismissed.

WHEREFORE, the Trustee requests this Court enter an order enjoining Thomason from proceeding in Case No. CV-2021-000589.00 (Cir. Ct. Montgomery, Ala.)

/s/ Joseph V. Ronderos
T. Dylan Reeves
Joseph V. Ronderos
Attorney For DEUTSCHE BANK
NATIONAL TRUST COMPANY, as
Trustee for HOME EQUITY MORTGAGE
LOAN ASSET-BACKED TRUST Series
INABS 2006-A, HOME EQUITY
MORTGAGE LOAN ASSET-BACKED
CERTIFICATES Series INABS 2006-A

**OF COUNSEL:**
McGlinchey Stafford
505 North 20th Street, Suite 800
Birmingham, AL  35203
(205) 725-6400 (telephone)
(205) 623-0810 (facsimile)
dreeves@mcglinchey.com
jronderos@mcglinchey.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 1, 2022, I served via U.S. Mail and filed the foregoing with the Clerk of the Court using the ECF system, and will send notification of such filing to the following:

Steven Clayton Thomason
901 Seibles Road
Montgomery, AL 36116

/s/ Joseph V. Ronderos
OF COUNSEL